IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| STEVEN MORGAN, | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 24-CV-1190 |
| | : | |
| OFFICER ALEJANDRO ORTIZ, *et al.* | : | |
|     Defendants. | : | |

## MEMORANDUM

**SÁNCHEZ, J.**                                                                                      **MAY 20, 2024**

*Pro se* Plaintiff Steven Morgan, a prisoner currently incarcerated at Chester County Prison, has filed an Amended Complaint asserting civil rights claims along with a Motion to Proceed *In Forma Pauperis*.[1] Named as Defendants are Coatesville Police Officer Alejandro Ortiz and Corporal Jared Davis, both of whom are sued in their official capacities.[2] For the following reasons, the Court will grant Morgan *in forma pauperis* status and permit Morgan to proceed on his excessive force claim against Officer Ortiz. Morgan will be given the opportunity to proceed on the excessive force claim that passes statutory screening, or to file a second amended complaint.

---

[1] The Clerk of Court opened this civil action when a letter (ECF No. 1) from Steven Morgan was mailed to this Court. Because it was unclear from the letter whether Morgan sought to bring a civil action, an Order filed on March 27, 2024 (ECF No. 3) directed Morgan to file a proper complaint setting forth his claims and pay the filing fee or seek *in forma pauperis* status. On April 22, 2024, the Court received Morgan's Amended Complaint, a motion to proceed *in forma pauperis*, and his institutional account statement. (ECF Nos. 4, 5, 6.)

[2] In drafting his Amended Complaint, Morgan may not have understood the implication of checking the official capacity box on the form complaint he used. Because, as discussed later, he does not attempt to allege an actual official capacity claim, the Court will liberally construe the Amended Complaint to assert claims against the Police Officer Defendants in their individual capacities as well.

**I.     FACTUAL ALLEGATIONS**

Morgan's allegations are brief. He asserts that the Police Officer Defendants assaulted him on December 24, 2023, while he was being arrested.[3] (Am. Compl. (ECF No. 4) at 4-5.)[4] More specifically, Morgan avers that Officer Ortiz told him to turn around and place his hands on his head. (*Id.* at 5.) As Morgan was "getting down," Ortiz told him to stop resisting and Ortiz jumped on Morgan, allegedly causing Morgan's left bicep/shoulder to tear. (*Id.*) Morgan seeks $500,000 in monetary damages and the termination of the Police Officer Defendants from their employment with the Coatesville Police Department.[5] (*Id.*) While Morgan listed Corporal Davis in the caption of the Amended Complaint, he fails to allege any facts about Davis.

**II.    STANDARD OF REVIEW**

The Court grants Morgan leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees to commence this civil action.[6] Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) applies, which requires the Court to dismiss the Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6),

---

[3] Morgan avers that he was arrested because of a bench warrant issued "for a miss[ed] court date." (Am. Compl. at 5.)

[4] The Court adopts the pagination supplied by the CM/ECF docketing system.

[5] To the extent Morgan seeks termination of the Police Officer Defendants' employment, the Court has no authority to order such relief. *See Hall v. Carny*, No. 22-4094, 2023 WL 187569, at *1 (E.D. Pa. Jan. 13, 2023) (dismissing with prejudice the request that defendant be terminated from his employment); *Buskirk v. Pennsylvania Bd. of Prob. & Parole*, No. 22-1826, 2022 WL 4542094, at *1-2 n.4 (E.D. Pa. Sept. 28, 2022) (construing plaintiff's request for the court to terminate the defendants' employment as seeking injunctive relief and holding that the court has no authority to terminate the employment of a state employee).

[6] Because Morgan is a prisoner, he must still pay the $350 filing fee in installments as required by the Prison Litigation Reform Act.

*see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). "At this early stage of the litigation, [the Court will] accept the facts alleged in [the *pro se*] complaint as true, draw[] all reasonable inferences in [the plaintiff's] favor, and ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim." *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (internal quotations omitted). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678.

As Morgan is proceeding *pro se*, the Court construes his allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)). "This means we remain flexible, especially 'when dealing with imprisoned *pro se* litigants[.]'" *Id.* (quoting *Mala*, 704 F.3d at 244). The Court will "apply the relevant legal principle even when the complaint has failed to name it." *Id.* However, "'*pro se* litigants still must allege sufficient facts in their complaints to support a claim.'" *Id.* (quoting *Mala*, 704 F.3d at 245).

### III.     DISCUSSION

The vehicle by which federal constitutional claims may be brought in federal court is 42 U.S.C. § 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). In a §1983 action, the personal involvement of each defendant in the alleged constitutional violation is a required element, and, therefore, a plaintiff must allege how each

defendant was involved in the events and occurrences giving rise to the claims.  *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1998).

      **A.**      **Official Capacity Claims**

Morgan has named the Police Officer Defendants in their official capacities.  Claims against municipal level officials named in their official capacity are indistinguishable from claims against the municipality that employs them, here the city of Coatesville.  *See Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985) ("Official-capacity suits . . . 'generally represent only another way of pleading an action against an entity of which an officer is an agent.'") (quoting *Monell v. N.Y.C. Dept. of Soc. Servs.*, 436 U.S. 658, 690, n. 55 (1978)).  "[A]n official-capacity suit is, in all respects other than name, to be treated as a suit against the entity."  *Id.*  To state a plausible claim for municipal liability, a plaintiff must allege that the municipality's policies or customs caused the alleged constitutional violation.  *See Monell*, 436 U.S. at 694 (1978); *Natale v. Camden Cty. Corr. Facility*, 318 F.3d 575, 583-84 (3d Cir. 2003).  The plaintiff "must identify [the] custom or policy, and specify what exactly that custom or policy was" to satisfy the pleading standard.  *McTernan v. City of York,* 564 F.3d 636, 658 (3d Cir. 2009).

Because Morgan fails to allege that a policy or custom of the City of Coatesville caused his constitutional rights to be violated, his official capacity/*Monell* claims against the Police Officer Defendants are not plausible and must be dismissed.  However, because the Court cannot say at this time that Morgan can never allege a plausible official capacity/*Monell* claim, the dismissal will be without prejudice and Morgan will be given the opportunity to file a second amended complaint if he can cure the defects the Court has identified in the official capacity claims.

### B.     Claims Based on the Use of Excessive Force

Morgan appears not to have understood the implication of checking solely the official capacity boxes on the form complaint he used to prepare his pleading.  As Morgan is proceeding as a *pro se* litigant, and further, since the Amended Complaint seeks damages for Defendants' actions, the Court will liberally construe the Amended Complaint as also asserting claims against the Police Officer Defendants in their individual capacities.  *See Downey v. Pa. Dep't of Corr.*, 968 F.3d 299, 310 (3d Cir. 2020) ("To determine whether a plaintiff sued state officials in their official capacity, we first look to the complaints and the course of proceedings." (quotations omitted)); *Coward v. City of Philadelphia*, No. 21-1619, 2021 WL 4169422, at *3 (E.D. Pa. Sept. 13, 2021) (permitting claim against defendant in his individual capacity to proceed even though "[plaintiff] did not check the box indicating a desire to sue [that defendant] in his individual capacity" where the allegations clearly sought relief based on the defendant's conduct).

Morgan alleges that the Police Officer Defendants used excessive force during the December 24, 2023 arrest.  (Am. Compl. at 4-5.)  "[C]laims that law enforcement officers have used excessive force . . . in the course of an arrest, investigatory stop, or other 'seizure' of a free citizen should be analyzed under the Fourth Amendment and its 'reasonableness' standard[.]" *Graham v. Connor*, 490 U.S. 386, 395 (1989); *see also Santini v. Fuentes*, 795 F.3d 410, 417 (3d Cir. 2015) ("In an excessive force case, we determine whether a constitutional violation has occurred using the Fourth Amendment's objective reasonableness test.").  "Courts determine whether the force used is 'objectively reasonable' based on the totality of the circumstances, . . . and certain factors, including: 'the facts and circumstances of each particular case, . . . the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the

5

officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight.'" *Klein v. Madison*, 374 F. Supp. 3d 389, 407 (E.D. Pa. 2019) (quoting *Graham*, 490 U.S. at 386)).

As Morgan makes factual allegations that Officer Ortiz used an unreasonable amount of force against him, including jumping on him and causing Morgan's left bicep/shoulder to tear (*see* Am. Compl. at 5), the excessive force claim against Officer Ortiz in his individual capacity passes statutory screening and will be permitted to proceed. However, because Morgan fails to allege any facts indicating that Corporal Davis was even involved in the excessive force incident, any claims against Davis cannot proceed at this time. *See Dooley v. Wetzel*, 957 F.3d 366, 374 (3d Cir. 2020) ("Personal involvement requires particular 'allegations of personal direction or of actual knowledge and acquiescence.'" (quoting *Rode,* 845 F.2d at 1207).

## IV. CONCLUSION

The Court will grant Morgan leave to proceed *in forma pauperis*. As set forth more fully above, the Court is prepared to serve Morgan's excessive force claim against Officer Alejandro Ortiz. However, all other claims will be dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim. Considering Morgan's *pro se* status, he will be granted the option of filing a second amended complaint to attempt to cure the defects identified by the Court.[7] In the alternative, Morgan may advise the Court that he seeks to proceed only on the excessive force claim against Officer Ortiz, which passes statutory screening.

---

[7] If Morgan chooses to file a second amended complaint, the second amended complaint must be a complete document that does not rely on the initial Complaint or other papers filed in this case to state a claim. Although Federal Rule of Civil Procedure 15 contemplates amended pleadings, "an amended pleading supersedes the original pleading and renders the original pleading a nullity." *Garrett v. Wexford Health*, 938 F.3d 69, 92 (3d Cir. 2019). "Thus, the most recently filed amended complaint becomes the operative pleading." *Id.* While the Court must liberally construe *pro se* pleadings, "liberal construction of a *pro se* amended complaint does not mean

An appropriate Order follows.

**BY THE COURT:**


**/s/ Juan R. Sánchez**
**JUAN R. SÁNCHEZ, J.**

---

accumulating allegations from superseded pleadings." *Argentina v. Gillette*, 778 F. App'x 173, 175 n.3 (3d Cir. 2019). This means that the submission of a second amended complaint in this case will "effectively constitute[] an abandonment of any prior complaints filed by [Morgan]." *Smith v. Price*, No. 11-1581, 2012 WL 1068159, at *4 (M.D. Pa. Mar. 5, 2012), *report and recommendation adopted*, No. 11-1581, 2012 WL 1072282 (M.D. Pa. Mar. 29, 2012).