**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **STEVEN MORGAN,** | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **CIVIL ACTION NO. 24-CV-1190** |
| | : | |
| **OFFICER ALEJANDRO ORTIZ,** *et al.* | : | |
| **Defendants.** | : | |

<u>**MEMORANDUM**</u>

**SÁNCHEZ, J.**                                                          **AUGUST 13, 2024**

Plaintiff Steven Morgan brings this action pursuant to 42 U.S.C. § 1983 against Coatesville Police Officers Alejandro Ortiz and Jared Davis, both of whom are sued in their individual and official capacities.  Because Morgan fails to allege a policy or custom caused his constitutional rights to be violated, his official capacity/*Monell* claims will be dismissed.  His failure to intervene claim will also be dismissed because it is undeveloped.  The Court will direct service of Morgan's excessive force claim against Ortiz, as he sufficiently alleges Ortiz used an unreasonable amount of force against him.

**I.      PROCEDURAL HISTORY AND FACTUAL ALLEGATIONS**[1]

The Clerk of Court opened this civil action when a letter from Morgan was mailed to this Court.  (ECF No. 1)  Because it was unclear from the letter whether Morgan sought to bring a civil action, an Order filed on March 27, 2024 (ECF No. 3) directed him to file a proper complaint setting forth his claims and pay the filing fee or seek *in forma pauperis* status.  On

---

[1] The factual allegations are taken from Morgan's Amended Complaint, his Second Amended Complaint, and the attachments thereto.  The Court adopts the pagination supplied by the CM/ECF docketing system.

April 22, 2024, the Court received Morgan's Amended Complaint, a motion to proceed *in forma pauperis*, and his institutional account statement.  (ECF Nos. 4, 5, 6.)

In his Amended Complaint, Morgan alleged that Ortiz and Davis assaulted him during an arrest on December 24, 2023.[2]  (Am. Compl. (ECF No. 4) at 4-5.)  Morgan averred that Ortiz told him to turn around and place his hands on his head.  (*Id.* at 5.)  As Morgan was "getting down," Ortiz told him to stop resisting and Ortiz jumped on Morgan, allegedly causing Morgan's left bicep/shoulder to tear.  (*Id.*)  Morgan sought monetary damages and termination of the officers' employment with the Coatesville Police Department.  (*Id.*)

In a May 20, 2024 Memorandum and Order, the Court granted Morgan leave to proceed *in forma pauperis* and screened the Amended Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). (ECF Nos. 7 & 8.)  The Court dismissed Morgan's official capacity claims without prejudice because he failed to allege that a policy or custom of the City of Coatesville caused his constitutional rights to be violated.  *See Morgan v. Ortiz*, No. 24-1190, 2024 WL 2301367, at *2 (E.D. Pa. May 20, 2024).  The Court also dismissed any claims against Davis because there were no allegations indicating Davis was involved in the excessive force incident.  *Id.* at *3.  The excessive force claim against Ortiz in his individual capacity passed statutory screening and was permitted to proceed.[3]  *Id.*  The Court gave Morgan an opportunity to file a second amended

---

[2] Morgan averred he was arrested because of a bench warrant issued "for a miss[ed] court date." (Am. Compl. at 5.)

[3] Because the Court has no authority to order termination of employment as relief in a § 1983 case, Morgan's request for this relief was dismissed.  *See Morgan*, 2024 WL 2301367, at *1 n.5 (citing *Hall v. Carny*, No. 22-4094, 2023 WL 187569, at *1 (E.D. Pa. Jan. 13, 2023) (dismissing with prejudice the request that defendant be terminated from his employment); *Buskirk v. Pennsylvania Bd. of Prob. & Parole*, No. 22-1826, 2022 WL 4542094, at *1-2 n.4 (E.D. Pa. Sept. 28, 2022) (construing plaintiff's request for the court to terminate the defendants' employment as seeking injunctive relief and holding the court has no authority to terminate the employment of a state employee)).

complaint as to any claims dismissed without prejudice or proceed only on his excessive force claim against Ortiz.  (ECF No. 8.)  Morgan returned with a Second Amended Complaint ("SAC").  (ECF No. 9.)

The allegations in Morgan's SAC are virtually identical to those in his Amended Complaint.  He again names Coatesville Police Officers Alejandro Ortiz and Jared Davis as Defendants, asserting claims against them in their individual and official capacities.  (SAC (ECF No. 9) at 4.)  Morgan alleges that during his arrest on December 24, 2023,[4] Ortiz told him to turn around and place his hands behind his head.  (*Id.* at 2, 7.)  As Morgan was attempting to comply by getting down on his knees, Ortiz jumped on Morgan, telling him to stop resisting.  (*Id.*)  As a result of this incident, Morgan suffered a torn left bicep and shoulder injury.  (*Id.*)  Morgan asserts Davis "did absolutely nothing to protect" him.  (*Id.* at 2.)  Morgan seeks monetary damages.  (*Id.*)

## II.  STANDARD OF REVIEW

As Morgan is proceeding *in forma pauperis*, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the SAC if it fails to state a claim.  Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted).  "At this early stage of the litigation, [the Court will] accept the facts alleged in [the *pro se*] complaint as true, draw[] all

---

[4] As in his Amended Complaint, Morgan avers he was arrested pursuant to a "warrant for missing a court date."  (SAC at 7.)

reasonable inferences in [the plaintiff's] favor, and ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim." *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (internal quotations omitted).  Conclusory allegations do not suffice.  *Iqbal*, 556 U.S. at 678.  As Morgan is proceeding *pro se*, the Court construes his allegations liberally.  *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).

## III.   DISCUSSION

Morgan again asserts claims pursuant to § 1983, the vehicle by which federal constitutional claims may be brought against state actors in federal court.  "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).  Because Morgan fails to allege a policy or custom caused his constitutional rights to be violated, his official capacity/*Monell* claims will be dismissed.  The Court will direct service of Morgan's excessive force claim against Ortiz, as he sufficiently alleges Ortiz used an unreasonable amount of force against him.  His failure to intervene claim will be dismissed because it is undeveloped.

### A.   Official Capacity Claims

Morgan reasserts his official capacity claims.  The official capacity claims alleged in his Amended Complaint were dismissed because he failed to allege that a policy or custom of the City of Coatesville caused his constitutional rights to be violated.  *See Morgan*, 2024 WL 2301367, at *2.  As previously noted, claims against municipal level officials named in their official capacity are indistinguishable from claims against the municipality that employs them, here the City of Coatesville.  *See id.* (citing *Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985)

("Official-capacity suits . . . 'generally represent only another way of pleading an action against an entity of which an officer is an agent.'") (quoting *Monell v. N.Y.C. Dept. of Soc. Servs.*, 436 U.S. 658, 690, n. 55 (1978))).  "[A]n official-capacity suit is, in all respects other than name, to be treated as a suit against the entity."  *See Kentucky*, 473 U.S. 159 at 165-66 (quoting *Monell*, 436 U.S. at 690, n. 55).  To state a plausible claim for municipal liability, a plaintiff must allege that the municipality's policies or customs caused the alleged constitutional violation.  *See Monell*, 436 U.S. at 694 (1978); *Natale v. Camden Cty. Corr. Facility*, 318 F.3d 575, 583-84 (3d Cir. 2003).  The plaintiff "must identify [the] custom or policy, and specify what exactly that custom or policy was" to satisfy the pleading standard.  *McTernan v. City of York,* 564 F.3d 636, 658 (3d Cir. 2009).  Because Morgan again fails to allege that a policy or custom of the City of Coatesville caused his constitutional rights to be violated, his official capacity/*Monell* claims against Ortiz and Davis are not plausible and must be dismissed.

### B.     Claims Against Alejandro Ortiz Based on the Use of Excessive Force

Morgan alleges Ortiz used excessive force during the December 24, 2023 arrest.  (SAC at 2, 7.)  "[C]laims that law enforcement officers have used excessive force . . . in the course of an arrest, investigatory stop, or other 'seizure' of a free citizen should be analyzed under the Fourth Amendment and its 'reasonableness' standard[.]"  *Graham v. Connor*, 490 U.S. 386, 395 (1989); *see also Santini v. Fuentes*, 795 F.3d 410, 417 (3d Cir. 2015) ("In an excessive force case, we determine whether a constitutional violation has occurred using the Fourth Amendment's objective reasonableness test.").  "Courts determine whether the force used is 'objectively reasonable' based on the totality of the circumstances, . . .  and certain factors, including: 'the facts and circumstances of each particular case, . . . the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is

actively resisting arrest or attempting to evade arrest by flight.'" *Klein v. Madison*, 374 F. Supp. 3d 389, 407 (E.D. Pa. 2019) (quoting *Graham*, 490 U.S. at 386)).

As Morgan makes factual allegations that Ortiz used an unreasonable amount of force against him, including jumping on him and causing Morgan's left bicep/shoulder to tear (*see* SAC at 2, 7), the excessive force claim against Ortiz in his individual capacity passes statutory screening and will be permitted to proceed.

### C.    Claims Against Jared Davis Based on Failure to Intervene

Morgan's only assertion against Davis is that he "did absolutely nothing to protect" Morgan.  (*Id.* at 2.)  The Court understands Morgan to be asserting a claim against Davis based on his alleged failure to intervene in Ortiz's alleged use of excessive force, which is also analyzed under the Fourth Amendment.  *El v. City of Pittsburgh*, 975 F.3d 327, 335 (3d Cir. 2020).  Under a failure to intervene theory, a police officer may be directly liable under § 1983 if he "fails or refuses to intervene when a constitutional violation such as an unprovoked beating takes place in his presence."  *Smith v. Mensinger*, 293 F.3d 641, 650-51 (3d Cir. 2002).  "'A police officer has a duty to take reasonable steps to protect a victim from another officer's use of excessive force', but only 'if there is a realistic and reasonable opportunity to intervene.'"  *El*, 975 F.3d at 335 (quoting *Smith*, 293 F.3d at 650-51).  "[T]he duration of the incident is key to determining whether there was a reasonable opportunity."  *Id.*

Here, Morgan's failure to intervene claim is undeveloped.  He simply does not state facts about how Davis allegedly failed to stop the use of force by Ortiz, or that Davis had a realistic and reasonable opportunity to intervene but did not do so.  *See, e.g., Howard v. Hollenbaugh*, No. 20-0845, 2021 WL 602722, at *6 (M.D. Pa. Feb. 16, 2021) (dismissing failure to intervene claim where plaintiff failed to allege specific facts from which a reasonable factfinder could infer

that the defendant had a reasonable and realistic opportunity to intervene prior to each use of excessive force); *Hazelton v. Savage*, No. 19-2027, 2020 WL 6068153, at \*6 (M.D. Pa. Aug. 3, 2020) (dismissing failure to intervene claim where, *inter alia*, plaintiff failed to specify which defendants were present for which use of alleged force), *report and recommendation adopted*, No. 19-2027, 2020 WL 6059748 (M.D. Pa. Oct. 14, 2020).  Accordingly, Morgan's failure to intervene claim will be dismissed.

## IV.    CONCLUSION

For the foregoing reasons, the Court will dismiss Morgan's SAC in part pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim.  His excessive force claim against Alejandro Ortiz passes statutory screening and will proceed to service.  Morgan's official capacity claims and his individual capacity claim against Jared Davis for failure to intervene will be dismissed with prejudice because the Court concludes that further attempts at amendment would be futile.  *See Jones v. Unknown D.O.C. Bus Driver & Transportation Crew*, 944 F.3d 478, 483 (3d Cir. 2019) (amendment by pro se prisoner would be futile when prisoner "already had two chances to tell his story").  An appropriate Order follows, which directs service of Morgan's excessive force claim against Ortiz.

BY THE COURT:


   /s/ Juan R. Sánchez
JUAN R. SÁNCHEZ, J.